**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 2 2004**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

BILLY MINH LE,

    Defendant-Appellant.

No. 04-6228

(D.C. Nos. 04-CV-447-C
and 01-CR-138-C)
(W.D. Oklahoma)

---

**ORDER**[*]

---

Before **TACHA**, Chief Judge, **BRISCOE**, and **HARTZ,** Circuit Judges.

---

Billy Minh Le, a federal prisoner appearing pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion to

vacate, set aside, or correct sentence. We deny the request for a COA and dismiss the

appeal.

Issuance of a COA is jurisdictional. Miller-El v. Cockrell, 537 U.S. 322, 336

(2003). A COA can issue only "if the applicant has made a substantial showing of the

denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this

standard by demonstrating that jurists of reason could disagree with the district court's

---

[*]This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.

resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El, 537 U.S. at 327. After careful review of all of the filings and the record on appeal, we conclude the requirements for issuance of a COA have not been met.

Le entered a plea of guilty to conspiracy to distribute a list 1 precursor chemical and was sentenced to 168 months' imprisonment. His motion to withdraw his plea was denied. Le filed a direct appeal. This court dismissed the appeal for lack of jurisdiction, holding Le had waived his right to appeal or collaterally attack his plea, conviction, or sentence. Le then filed his § 2255 motion on April 7, 2004, alleging ineffective assistance of counsel "for failure to object to, and request plea not be accepted and appeal the proper motion, to suppress the issues, and move for jury trial." ROA, Doc. 182 at 3. The government filed a motion for enforcement of plea agreement and for denial of the § 2255 motion, arguing Le waived the right to file either a direct appeal of his conviction or a collateral attack. Le responded that he should be excused from application of the waiver because of his limited knowledge of the English language.

In denying Le's § 2255 motion, the district court noted that Le previously had challenged the knowing and voluntary nature of his plea in his motion to withdraw his plea. The district court denied the motion to withdraw the plea, rejecting the same language deficiencies he urges in his § 2255 motion. The court further stated that it had advised Le in open court that as part of the plea agreement, Le waived his right to appeal

2

either directly or by collateral challenge, and that "with the assistance of an interpreter," Le stated he knew he was giving up that right. ROA, Doc. 191 at 2.

We DENY the request for a COA and DISMISS the appeal for substantially the same reasons stated by the district court in its order filed July 2, 2004.

Entered for the Court

Mary Beck Briscoe
Circuit Judge